UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORDERRO DONTE MILLER, | No. 2:25-cv-02015 SCR P |
| Plaintiff, | |
| v. | <u>ORDER AND</u> |
| JASON SCHULTZ, | <u>FINDINGS & RECOMMENDATIONS</u> |
| Defendant. | |

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint is before the undersigned for screening under 28 U.S.C. § 1915A. Plaintiff has also requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. ECF No. 2.

As explained below, Plaintiff's request for injunctive relief – specifically, an order overturning the denial and revocation of his earned good-time credits – must be brought in habeas, not a civil rights complaint under § 1983. Therefore, the undersigned recommends the complaint be dismissed without prejudice and without leave to amend for failure to state a claim. For the same reasons, it is recommended that plaintiff's motion to proceed in forma pauperis be denied. See <u>Tripati v. First Nat'l Bank & Tr.</u>, 821 F.2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.").

1

**STATUTORY SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S COMPLAINT**

Plaintiff is incarcerated in California State Prison, Sacramento ("CSP-Sac"). ECF No. 1 at 1. The complaint names one defendant, CSP-Sac Warden Jason Schultz. Id. at 2. Plaintiff alleges prison officials violated his due process rights by denying "restoration" of his good-time credits after he had been discipline-free for 90 days or more. Id. at 3. Prison officials failed to apply to his sentence earned milestone completions that were approved on March 13, 2025. Id.

1  Plaintiff claims that restoration of his good-time credits will lead to his immediate release and
2  grant a speedier parole than the current date of May 20, 2027.  Id.  There are four different RVRs
3  and each docked 121 days or more.  Id. at 6.  Plaintiff claims that under Cal. Penal Code §
4  2932(a)(4)(4), no more than 30 days of credit may be lost for a single act of misconduct.  Id.

Plaintiff alleges an injury of permanent mental health damage.  ECF No. 1 at 6.  He does not seek any monetary damages.  Instead, he seeks an order to "restore all good-conduct credits that were illegally forfeited" and "grant immediate parole."  Id. at 3, 6.

**DISCUSSION**

The undersigned construes plaintiff's complaint as rising two separate types of procedural due process claims under the Fourteenth Amendment related to good-time credits.  First, he alleges that he earned good-time credits for 90 days of good behavior, but defendant never awarded them.  Second, at the very end of the complaint in the request for relief (ECF No. 1 at 6), he appears to allege that he received RVR punishments that exceeded the number of good-time credits that can be deducted under state law.

Persons incarcerated in California prisons have a protected liberty interest in good-time credits, provided they earned the credits under applicable state laws.  See Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974); Bergen v. Spaulding, 881 F.2d 719, 721 (9th Cir. 1989); see also Cal. Code Regs., tit. 15, § 3043 ("[A]ll incarcerated persons who participate in approved rehabilitative programs and activities . . . shall be eligible to earn Milestone Completion Credit[.]").  Therefore, persons incarcerated in California prisons are entitled to the "minimum procedures appropriate under the circumstances and required by the Due Process Clause" to ensure that prison officials do not arbitrarily deny state-created rights to good-time credits.  See Wolff, 418 U.S. at 557.

Although prison officials cannot deprive plaintiff of his earned good-time credits without due process, it is well-established that "a state prisoner seeking injunctive relief against the denial or revocation of good-time credits must proceed in habeas corpus, and not under § 1983." Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002) (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).  As this is the precise type of injunctive relief that plaintiff seeks here, his claim does

3

not sound in § 1983 and must be brought in a habeas petition.

The circumstances do not warrant conversion of plaintiff's § 1983 complaint into a habeas petition. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) ("When the intent to bring a habeas petition is not clear, however, the district court should not convert a defective section 1983 claim into a habeas petition."). For one, plaintiff's challenge to the denial of good-time credits is unlikely to state a cognizable federal habeas claim. "'[F]ederal habeas corpus relief does not lie for errors of state law.'" Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)); see also Robison v. CDCR, No. 2:18-cv-0441 AC P, 2018 WL 6329661, at *3 (E.D. Cal. Dec. 4, 2018) (declining to convert plaintiff's § 1983 complaint challenging denial of milestone credits to a habeas petition and recommending dismissal without prejudice), report and recommendation adopted, No. 2:18-cv-0441 JAM AC P (E.D. Cal. Apr. 17, 2019). Further, it does not appear that plaintiff exhausted state court remedies. See 28 U.S.C. § 2254(b).

Accordingly, because plaintiff's complaint fails to cognizable claim for relief under § 1983, the undersigned recommends it be dismissed without prejudice and without leave to amend. Plaintiff is instructed that his claim must be addressed in a habeas petition and not in a civil rights claim under 42 U.S.C. § 1983.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's complaint (ECF No. 1) be dismissed without leave to amend for failure to state a claim;

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied; and

3. The case be dismissed in its entirety without prejudice to renewal in an appropriate action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 19, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE